IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., § | | |
| ECHOSTAR TECHNOLOGIES § | | |
| L.L.C., and NAGRASTAR LLC § | | PLAINTIFFS |
| § | | |
| § | | |
| v. § | | Civil Action No. 1:16cv292-HSO-JCG |
| § | | |
| § | | |
| JOHN BARRETT § | | DEFENDANT |

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT AS TO DEFENDANT JOHN BARRETT**

BEFORE THE COURT is a Motion [7] for Default Judgment as to Defendant John Barrett filed by Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC, on October 24, 2016. After due consideration of Plaintiffs' Motion, the record, and relevant legal authority, the Court is of the opinion that Plaintiffs' Motion should be granted.

I. BACKGROUND

Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC filed their Complaint [1] on August 10, 2016, naming as Defendant John Barrett. The Complaint alleges that Defendant violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1), the Federal Communications Act, 47 U.S.C. § 605(1), and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520, when he willfully intercepted NagraStar's "control words" and DISH Network's satellite transmissions of television programming for his own benefit, without authorization, for tortious and illegal purposes or for commercial

advantage or private gain. Compl. [1] at 7-9. The Complaint seeks a grant of permanent injunctive relief, an order of impound of certain items, actual or statutory damages under each Act, punitive damages, costs, attorneys' fees, investigative expenses, pre-judgment interest, and post-judgment interest. *Id.* at 9-10.

On September 9, 2016, Plaintiffs filed a Proof of Service [4], reflecting that a Summons and the Complaint were personally served upon Defendant on August 25, 2016. Defendant's Answer was therefore due by September 15, 2016. On September 28, 2016, Plaintiffs applied [5] for a Clerk's entry of default against Defendant, since he had not at that time filed a responsive pleading. A Clerk's Entry of Default [6] was entered on September 28, 2016. Plaintiffs then moved [7] on October 24, 2016, for this Court to enter a Default Judgment as to Defendant with respect to Count III of the Complaint [1] for alleged violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520 ("ECPA"). Mot. for Default J. [7] at 1. Plaintiffs seek an award of statutory damages in the amount of $10,000.00, and a permanent injunction. *Id.*

## II. DISCUSSION

A.  <u>Plaintiffs are entitled to a default judgment against Plaintiff.</u>

Pursuant to Federal Rule of Civil Procedure 55, after a defendant's default has been entered for failure to plead or otherwise respond to a complaint within the time required by the Federal Rules, a plaintiff may apply for a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the clerk enters

a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States for Use of M-Co Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Given Defendant's failure to answer the Complaint in a timely manner, the Court accepts all well-pleaded factual allegations in the Complaint as true, except those regarding the amount of damages. *Id.* Plaintiffs' well-pleaded allegations, along with the declarations and other evidence submitted by Plaintiffs in support of the instant Motion, establish that Defendant intentionally intercepted Plaintiffs' scrambled and encrypted electronic communications without authorization, for tortious and illegal purposes, or for commercial advantage or private financial gain, and consequently violated 18 U.S.C. § 2511(1)(a).

B.      Plaintiffs will be awarded $10,000.00 in statutory damages.

The ECPA provides in relevant part that any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" shall be "fined under this title . . . ." 18 U.S.C. §§ 2511(1)(a), 2511(4). "Encrypted broadcasts of satellite television programming, such as those transmitted by DISH Network, constitute 'electronic communications' under this statute." *Dish Network L.L.C. v. Horace*, No. 1:15-CV-369, 2016 WL 6039217, at *2 (E.D. Tex. Feb. 22, 2016) (citing *DirecTV, Inc. v. Bennett*, 470 F.3d 565, 567 (5th Cir. 2006)).

The United States Court of Appeals for the Fifth Circuit has held that "a private right of action is allowed under 18 U.S.C. § 2520 for violations of § 2511."

*Bennett*, 470 F.3d at 569.  Section 2520 provides in relevant part that

> [i]n an action under this section, appropriate relief includes--
> (1) such preliminary and other equitable or declaratory relief as may be appropriate;
> (2) damages under subsection (c) and punitive damages in appropriate cases; and
> (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

18 U.S.C. § 2520(b).  Subsection (c)(2) provides that

> the court may assess as damages whichever is the greater of--
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2)(A)-(B).

In seeking a default judgment under Rule 55, if the claim is for a sum certain or a sum that can be mathematically calculated, the clerk enters judgment.  Fed. R. Civ. P. 55(b)(1).  In all other cases, a court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other matter.  Fed. R. Civ. P. 55(b)(2).  However, "Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment."  *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

Plaintiffs request statutory, as opposed to actual damages, under 18 U.S.C. § 2520(c)(2)(B).  While Plaintiffs seek statutory damages in the amount of $10,000.00, statutory damages do not "transform this suit into one for a 'sum certain' as contemplated by Rule 55(b)(1), particularly where the amounts of statutory

damages are left to the court's discretion." *DirecTV, Inc. v. Alvares*, No. CIV.A.L: 03 38, 2004 WL 3704093, at *3 (S.D. Tex. Mar. 23, 2004) (quoting *DirecTV, Inc. v. Kaas*, 294 F. Supp. 2d 1044, 1047 (N.D. Iowa 2003)). "The Court, therefore, must determine the proper amount of damages pursuant to Rule 55(b)(2)." *Id.*

The United States Court of Appeals for the Seventh Circuit has concluded that an award of maximum damages specified in § 2520(c)(2) is not mandatory and that the district court has discretion in determining whether to award damages. *DirecTV, Inc. v. Barczewski*, 604 F.3d 1004, 1009 (7th Cir. 2010). The Seventh Circuit has "conclude[d] that the district court has discretion not to award statutory damages under the statutory formula." *Id.*

Plaintiffs have submitted proof of actual damages they have suffered and of the gain that Defendant received in intercepting their electronic communications. Plaintiffs maintain, however, that their damages cannot be fully calculated. *See* Compl. [1] at 7. Having reviewed the record in its entirety, and accepting all well-pleaded allegations in the Complaint as true for purposes of this Motion, the Court concludes that Plaintiffs are entitled to statutory damages in the amount of $10,000.00 for the interception of their communications in violation of 18 U.S.C. § 2511(1)(a) pursuant to § 2520(c)(2).

C.   The Court will enter a permanent injunction.

In their Complaint, Plaintiffs ask the Court to grant

> permanent injunctive relief restraining and enjoining Defendant, and his employees, agents, representatives, attorneys, and all persons acting or claiming to act on his behalf or under his direction or authority, and all persons acting in concert or in participation with him, from

> circumventing the DISH Network security system or receiving without authorization DISH Network's satellite transmissions of television programming . . . .

Compl. [1] at 9.

18 U.S.C. § 2520(b)(1) provides that "[i]n an action under this action, appropriate relief includes . . . such preliminary and other equitable or declaratory relief as may be appropriate . . . ." 18 U.S.C. § 2520(b)(1). Generally, a court may issue a permanent injunction as part of a default judgment. *See Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 785 (E.D. Tex. 2006).

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

In this case, Plaintiffs have alleged that Defendant subscribed to a pirate television service through which he obtained DISH Network's control words or "keys," which Defendant "then used to decrypt DISH Network's satellite signal and view DISH Network programming without authorization." Compl. [1] at 2. Plaintiffs assert that Defendant's actions cause them actual and imminent irreparable harm for which there is no adequate remedy at law. *Id.* at 7. According to the Complaint, through this method of

> piracy, Defendant enjoys unlimited access to DISH Network programming, including premium and pay-per-view channels, causing lost revenues that cannot be fully calculated. In addition, Defendant's

actions damage the business reputations and goodwill of DISH Network, EchoStar Technologies, and NagraStar, and result in the need for costly security updates and legal actions aimed at stopping satellite piracy.

*Id.* Plaintiffs allege that, "[u]nless restrained and enjoined by the Court, Defendant will continue to violate 18 U.S.C. §§ 2511(1)(a) and 2520." *Id.* at 9. Plaintiffs have also submitted evidence in support of their Motion to substantiate their allegations. *See, e.g.,* Decl. of Christopher Ross [7-1] at 1-5 (with exhibits); Decl. of Gregory Duval [7-11] at 1-7. Defendant has not rebutted any of these allegations.

This Court finds that Plaintiffs have adequately demonstrated each of the necessary elements, *see* Pl.'s Mem. Br. [8] at 10-14, and are entitled to a permanent injunction, *see* 18 U.S.C. § 2520(b)(1); *eBay Inc.*, 547 U.S. at 391. The Court will enter a permanent injunction

> restraining and enjoining Defendant, and his employees, agents, representatives, attorneys, and all persons acting or claiming to act on his behalf or under his direction or authority, and all persons acting in concert or in participation with him, from circumventing the DISH Network security system or receiving without authorization DISH Network's satellite transmissions of television programming[.]

Compl. [1] at 9.[1]

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [7] for Default Judgment as to Defendant John Barrett filed by Plaintiffs DISH

---

[1] In their Memorandum Brief [8], Plaintiffs request broader injunctive relief than that sought in their Complaint. *See* Pls.' Mem. Br. [8] at 13-14; *see also* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The Court will limit permanent injunctive relief such that it is coextensive with the Complaint.

Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC, on October 24, 2016, is **GRANTED**.  The Court will enter a separate Permanent Injunction and Default Judgment in accordance with this Order, pursuant to Federal Rules of Civil Procedure 55(b)(2) and 58.

**SO ORDERED AND ADJUDGED**, this the 14th day of December, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE